01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
07                                    AT SEATTLE

08   JUSTIN H. PHAIR,                    )    CASE NO. C05-0721-JLR-MAT
                                         )
09           Petitioner,                 )
                                         )
10   v.                                  )    REPORT AND RECOMMENDATION
                                         )
11   ALICE PAYNE,                        )
                                         )
12           Respondent.                 )
     _____ )

13

14                        INTRODUCTION AND BACKGROUND

15           Petitioner Justin Phair, proceeding *pro se* in this 28 U.S.C. § 2254 petition, presents an

16   ineffective assistance of counsel claim.  (Dkt. 6.)[1]  Respondent submitted an answer, arguing that

17   the petition is time barred under 28 U.S.C. § 2244(d) and that petitioner failed to exhaust his now

18   procedurally barred claim.  (Dkt. 11.)  Petitioner did not submit a reply.

19           On November 16, 2000, the Superior Court of Whatcom County sentenced petitioner to

20   180 months confinement following a guilty plea on charges of first degree assault and first degree

21   _____

22       [1] As noted by respondent, petitioner's argument that he exhausted state remedies does not
     constitute a separate ground for relief.

     REPORT AND RECOMMENDATION
     PAGE -1

01    robbery. (Dkt. 14, Ex. 1.)  Petitioner did not file a direct appeal of the judgment and sentence.

02    However, while serving his sentence, petitioner, acting *pro se*, prepared a motion to withdraw his

03    guilty plea.  (*Id.*, Ex. 5 at 1.)  He gave the motion to prison staff on November 15, 2001 and the

04    Whatcom County Court clerk stamped the motion as filed on November 20, 2001.  (*Id.*)  The trial

05    court declined to hear the motion, finding it untimely and not alleging grounds sufficient to support

06    the motion.  (*Id.*, Ex. 5 at 1-2.)

07         Petitioner appealed the trial court's ruling.  The Washington Court of Appeals denied his

08    appeal in an unpublished opinion, affirming the trial court's refusal to hear the motion on the basis

09    that it was untimely.  (   *Id.*, Ex. 5 at 4.)  Petitioner submitted a petition for review in the

10    Washington Supreme Court.  (*Id.*, Ex. 8.)  After deferring the petition pending the outcome of

11    another case on review, the Washington Supreme Court denied review on April 6, 2004.  ( *Id.*,

12    Exs. 9 & 10.)  The Washington Court of Appeals issued its mandate on April 20, 2004. *Id.*, Ex.

13    11.)

14         Petitioner submitted a habeas petition to this Court dated April 7, 2005.  (Dkt. 1.)  He now

15    proceeds based on an amended petition, dated July 20, 2005.  (Dkt. 6.)

16                                        Statute of Limitations

17         Section 2254 contains a one-year statute of limitations:

18    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
      corpus by a person in custody pursuant to the judgment of a State court.  The
19    limitation period shall run from the latest of-

20         (A)  the date on which the judgment became final by the conclusion of direct
             review or the expiration of the time for seeking such review;
21         . . . .

22    28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), a judgment becomes final ninety (90) days after

REPORT AND RECOMMENDATION
PAGE -2

01  entry of the highest state court's decision on direct review, which marks the expiration of the

02  period for filing a petition for a writ of certiorari.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th

03  Cir. 1999).  The limitation period is tolled for the "time during which a properly filed application

04  for State post-conviction or other collateral review with respect to the pertinent judgment or claim

05  is pending[.]"  28 U.S.C. § 2244(d)(2).   State collateral review is considered "pending" and the

06  limitation period tolled from the time the initial application for collateral review is filed until that

07  application is disposed of by the highest state court; it "is not tolled from the time a final decision

08  is issued on direct state appeal and the time the first state collateral challenge is filed because there

09  is no case 'pending' during that interval."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

10      In this case, because petitioner did not file a direct appeal, his conviction became final

11  thirty days after his November 16, 2000 sentencing, or December 16, 2000.  *See* Washington Rule

12  of Appellate Procedure 5.2(a).  His one-year statute of limitations under 28 U.S.C. § 2244(d)(1)

13  began to run the following day, on December 17, 2000, *see Corjasso v. Ayers*, 278 F.3d 874, 877

14  (9th Cir. 2002), and expired one year later, on December 16, 2001.

15      As noted above, petitioner filed a motion to withdraw his guilty plea that was deemed

16  untimely by the trial court and the Washington Court of Appeals.  While a properly filed state

17  court application for post-conviction relief tolls the statute of limitations, an untimely state court

18  application for relief is not "properly filed" within the meaning of § 2244(d)(2).   *Pace v.

19  DiGuglielmo*, 125 S. Ct. 1807, 1810 (2005).   Accordingly, petitioner's untimely motion to

20  withdraw his guilty plea did not toll his federal statute of limitations, which expired more than

21  three years prior to the filing of his current petition.  Because the statute of limitations expired

22  prior to the filing of petitioner's habeas petition, the petition is time barred under 28 U.S.C. §

REPORT AND RECOMMENDATION
PAGE -3

01 | 2244(d).

02 |      The only recognized exception to the statute of limitations is equitable tolling. *See*

03 | *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled*

04 | *in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th

05 | Cir. 1998) (en banc).  However, "[e]quitable tolling will not be available in most cases, as

06 | extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

07 | control make it impossible to file a petition on time." *Id.* (quoting *Alvarez-Machain v. United*

08 | *States*, 107 F.3d 696, 701 (9th Cir. 1997)).  "When external forces, rather than a petitioner's lack

09 | of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

10 | limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying

11 | equitable tolling where delay on the part of prison officials was beyond petitioner's control and

12 | petitioner demonstrated due diligence in submitting habeas petition).  In this case, plaintiff does

13 | not present any extraordinary circumstances that prevented him from filing a timely habeas

14 | petition.

15 | <u>Procedural Bar</u>

16 |      "An application for a writ of habeas corpus on behalf of a person in custody pursuant to

17 | the judgment of a State court shall not be granted unless it appears that . . . the applicant has

18 | exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  To

19 | exhaust state remedies, a petitioner must present each of his claims to the state's highest court.

20 | *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993).

21 | A petitioner must "alert the state courts to the fact that he was asserting a claim under the United

22 | States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v.*

REPORT AND RECOMMENDATION
PAGE -4

01  *Henry*, 513 U.S. 364, 365-66 (1995)).  "The mere similarity between a claim of state and federal

02  error is insufficient to establish exhaustion."  *Id.* (citing *Duncan*, 513 U.S. at 366).  "Moreover,

03  general appeals to broad constitutional principles, such as due process, equal protection, and the

04  right to a fair trial, are insufficient to establish exhaustion."  *Id.* (citing *Gray v. Netherland*, 518

05  U.S. 152, 162-63 (1996)).

06        Pursuant to RCW 10.73.090, no petition or motion for collateral attack on a judgment and

07  sentence in a criminal case may be filed more than a year after the judgment becomes final.

08  Additionally, if the state court expressly declined to consider the merits of a claim based on an

09  independent and adequate state procedural rule, or if an unexhausted claim would now be barred

10  from consideration by the state court based on such a rule, a petitioner must demonstrate a

11  fundamental miscarriage of justice, or cause, *i.e.* some external objective factor that prevented

12  compliance with the procedural rule, and prejudice, *i.e.* that the claim has merit.  *See Coleman v.*

13  *Thompson*, 501 U.S. 722, 735 n.1, 749-50 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).

14        Here, although citing federal law applicable to his ineffective assistance of counsel claim

15  in his brief to the Washington Court of Appeals, petitioner did not address this claim in his petition

16  for review with the Washington Supreme Court.  (*See* Dkt. 14, Exs. 6 & 8.)  Because petitioner

17  failed to timely present his federal claim to the Washington Supreme Court, he failed to properly

18  exhaust his state remedies.  Further, because it has been more than one year since petitioner's

19  conviction became final, and because petitioner fails to establish either cause or prejudice excusing

20  his procedural default, petitioner's claims are procedurally barred by RCW 10.73.090.

21  CONCLUSION

22        For the reasons described above, the Court agrees with respondent that this habeas petition

REPORT AND RECOMMENDATION
PAGE -5

01  is time barred and petitioner's claim unexhausted and procedurally barred.  As such, petitioner's

02  habeas petition should be denied and this action dismissed.  No evidentiary hearing is required as

03  the record conclusively shows that petitioner is not entitled to relief.  A proposed Order of

04  Dismissal accompanies this Report and  Recommendation.

05          DATED this  20th  day of  October , 2005.

06

07                                      Mary Alice Theiler
                                        United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -6